**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **BILLY PAUL RAMSEY** ) | |
| ) | **Case No:** |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Judge** |
| ) | **Magistrate Judge** |
| ) | |
| ) | **JURY DEMAND** |
| **GREENBUSH LOGISTICS, INC.,** ) | |
| ) | |
|     **Defendant.** ) | |

## COMPLAINT

    **COMES NOW** Plaintiff, Billy Paul Ramsey (hereafter "Plaintiff" or "Mr. Ramsey"), by and through counsel, and respectfully submits his Complaint against Defendant, Greenbush Logistics Inc., of Abbeville Alabama (hereafter "Defendant" or "Greenbush"); and in support thereof would allege as follows:

### I.      PARTIES

1.    Plaintiff, Billy Paul Ramsey, is a resident of Leoma, Tennessee 38468.

2.    Defendant, Greenbush Logistics, Inc., is a Domestic Corporation located in Abbeville, Alabama doing business in the state of Tennessee.

3.    Defendant's Principal Place of Business is located at 445 Singletary Road. Defendant may be served through its Registered Agent, James W. Rane, at Hwy 431 Abbeville, Alabama, 36310.

4.    Defendant employs currently, and did employ at the time this action accrued, more than 200 employees.

## II.      JURISDICTION AND VENUE

5.      This action is brought under the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.*, as amended.

6.      All of the events complained of herein occurred in this Judicial District and the Defendant is an entity contained herein, which gives rise to venue in this district under 28 U.S.C. §1391(b).

7.      This Court has jurisdiction under 28 U.S.C. § 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States.

8.      This Court also has supplemental jurisdiction over all state law claims alleged in this complaint under 28 U.S.C. § 1367 as there is a common nucleus of operative facts between Plaintiff's state and federal law claims.

## III.      FACTS

9.      Plaintiff began employment with Greenbush Logistics, Inc., ("Greenbush" or "Defendant") on or about May 14, 2012.

10.     Plaintiff at his interview for the position of mechanic, made Defendant aware of his condition of epilepsy.

11.     Plaintiff's initial shift was the 4:00 PM to 12:00 AM shift with the option of the 3:00 PM to 11:00 PM shift.

12.     After several months of employ, the technician on the third shift quit leaving Defendant short staffed.

13.     Plaintiff was subsequently forced to take the 11:00 to 7:00 AM shift due to the lack of staff.

2

14.   Plaintiff notified Defendant that he did not think he could work the shift he was moved to for very long due to his epilepsy. Plaintiff worried that due to his disability he could not perform at a level of safety, quality, or productivity required as a mechanic during that particular shift.

15.   Defendant assured Plaintiff that they would relieve him from the shift as soon as they could so that he would be free to return to his normal shift.

16.   Several months passed before Defendant hired someone to replace the technician who quit working the third shift.

17.   However, Plaintiff was notified that the new hire would be taking Plaintiff's normal shift and that Plaintiff would remain working on the third shift.

18.   Several months passed and Plaintiff asked for a reasonable accommodation on December 9, 2013 for his epilepsy. Plaintiff addressed his request to Dewayne Heath in Human resources. Such a request was not entertained and in fact Plaintiff was retaliated against for asking for an accommodation.

19.   Additionally on December 9, 2013, James H. Beall M.D. wrote a letter diagnosing Plaintiff as having epilepsy. In the letter, Dr. Beall denoted that epilepsy can be worsened by sleep deprivation and an irregular sleep pattern. Further, Dr. Beall suggesting that working third shift and/or switching frequently between shifts could result in seizure activity and cognitive dysfunction and asked Defendant to consider his patient's disability and circumstances in scheduling him for work.

20.   On August 26, 2014 Dr. Norman McNulty, Plaintiff's physician sent Defendant a letter stating that Plaintiff has a history of seizures and is also suffering from seizures and "shiftwork sleep disorder" and notified Defendant that sleep deprivation can make seizures

3

occur more likely. As a result, Dr. McNulty recommended that Plaintiff be taken off third shift as much as possible.

21.     On August 27th, 2014, Dr. McNulty also sent a letter to Defendant notifying them that he evaluated Plaintiff on July 16, 2014 for shift work sleep disorder and generalized convulsive epilepsy. Dr. McNulty noted that working the third shift was impairing Plaintiff's ability to function normally, and to operate safely at work during those hours. Yet, Dr. McNulty also stated that Plaintiff is fully cleared to work during regular work hours and is fully cleared to return to work on September 1st, 2014.

22.     Plaintiff was harassed subsequently for his request for an accommodation,


## IV. CAUSES OF ACTION

**COUNT ONE: Violations of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12111 *et seq*. and Title V Section 503 of the Act, 42 U.S.C. 12203; Retaliation**

31.     Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of this Complaint.

32.     Defendant is an employer within the meaning of the Americans with Disabilities Act ("ADA"), as amended.

33.     Plaintiff is an individual with a disability as defined by the ADA, as amended.

34.     Defendant's employees were aware of Plaintiff's disability.

35.     The conduct described herein constitutes unlawful discriminatory practices on the part of the Defendant in violation of the ADA, as amended, which provides for the recovery of compensatory and punitive damages in cases of intentional violations of the ADA, as amended.

36.     Plaintiff was qualified to perform his position and all essential functions as a Mechanic.

37.     Plaintiff requested a reasonable accommodation for his disability of epilepsy.

38.     Plaintiff was not given such an accommodation which violated the American with Disabilities Act Amendments Act of 2008.

39.     Plaintiff was harassed as a result of seeking such an accommodation for his epilepsy.

40.     As a direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Plaintiff has suffered and continues to suffer loss of income and other employment benefits, distress, humiliation, embarrassment and emotional pain and suffering and other damages.

**COUNT TWO: Violations of the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq.***

33.     Plaintiff incorporates herein by reference the factual allegations outlined in paragraphs 1 through 30.

34.     The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq*.

35.     Defendant is a "person" as defined by the Tennessee Human Rights Act.

36.     Defendant did segregate or classify Plaintiff based upon his gender and race in a way that would tend to deprive him of promotions or otherwise adversely affect his status as an employee in violation of T.C.A. §4-21-401.

37.     Defendant's actions resulted from a knowing and intentional pattern of discrimination in violation of the Tennessee Human Rights Act.

38.     As a direct and proximate result of Defendant's violation of the Tennessee Human Rights Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. That proper process issue be served upon the defendant and that the defendant be required to answer within the time prescribed by law.

2. For a jury to be empaneled and a judgment of compensatory damages to include front pay, back pay and emotional suffering;

3. Attorney's fees and the costs of the litigation to include expert fees;

4. That this Court grant a permanent injunction enjoining Defendant, as officers, successors, assigns and all persons in active consort or participation with it, from engaging in employment practices that discriminate on the basis of disability.

5. Damages for humiliation and embarrassment;

6. That the Plaintiff be awarded his reasonable fees, costs and expenses incurred herein.

7. That Plaintiff be granted such other, further, or general relief to which she may be entitled as this Court deems proper.

Respectfully submitted;

**PARKER & ASSOCIATES**

/s/ R. Patrick Parker_____
R. Patrick Parker, BPR # 16847
Parker & Associates
1517 Hunt Club Boulevard
Gallatin, Tennessee 37066
615-724-5292
pparker@pparkerlaw.com